Ryan, J.
Heard on motion of the defendants, members of the Milk Marketing Commission of Ohio, to quash the summons and return of service thereof, for the reason that this court has no jurisdiction over the person of the defendants in this action.
The plaintiff, a milk producer engaged in the production and sale of milk in Hamilton county, brings this action against defendants, Harry N. Ballman, T. Kline Hamilton, W. J. Ramseyer, G. B. Warner and D. C. McBride, constituting the Milk Marketing Commission created by Section 10^80-1, et seq., General Code, and also against the defendant, John Weber and the other defendants who were named as a control commission to enforce and apply the rules and regulations established for the conduct of the milk business in the Cincinnati market sales area, to *510 enjoin said defendants from fixing any price of milk to be paid to the producer, or by the consumer, and further that they be enjoined from enforcing in whole or in part any of the rules and regulations promulgated by said Ohio Milk Marketing Commission on September 27, 1933.
It will be noted that under the provisions of Section 10080-4, the Ohio Milk Marketing Commission is made a part of the Department of Agriculture of the state of Ohio and “the principal office of the commission shall be in the city of Columbus.”
On the subject of venue, Section 11271, General Code, provides:
“Actions for the following causes must be brought in the county where the cause of action or part thereof arose.
“Actions against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty.”
This action being directed against the members of the Milk Marketing Commission for acts done by them in virtue, or under color of their office, and not being an error proceeding under the provisions of Section 1080-10, General Code, this court is bound by the ruling of the Supreme Court in the case of Meeker, et al v. Scudder, et al, 108 O. S. 423, wherein the court held:
“Syllabus 4. Under Section 11271, General Code, actions against the Ohio State Medical Board and other public officers having their official places of business in Franklin county and in no other county, can be instituted only in Franklin county.”
The official residence of the Milk Marketing Commission being located in Franklin county, and their official duties being administered from the office, which by statute has been located at Columbus, this court is of the opinion that Franklin county is the proper county in which to bring this action, and the fact that the Milk Marketing Commission has appointed a control or advisory board within a certain market area, does not alter the situation, and that this court is without jurisdiction to hear and determine this cause.